UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X
                                :

In re:                           :

MF GLOBAL INC.            :

                Debtor.    :

-----------------------------------------------------X
                                :

AMERICAN BULLION EXCHANGE  :
CORP.,                     :

              Appellant,  :

         -against-      :

JAMES W. GIDDENS, *as Trustee for the*  :
*SIPA Liquidation of MF Global Inc.*,  :

              Appellee.  :

-----------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__08/13/2015__

14 Civ. 8155 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      Appellant American Bullion Exchange Corp. ("ABEX" or "Appellant") appeals from an August 27, 2014, decision of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") sustaining the objection (the "Objection") filed by Appellee James W. Giddens, Trustee for the Securities Investor Protection Act ("SIPA") Liquidation of MF Global Inc. (the "MFGI Trustee" or "Appellee") and expunging ABEX's two general creditor claims (the "Claims") against MF Global Inc. ("MFGI") on the grounds they are time barred.  For the following reasons, the Bankruptcy Court's decision is affirmed.

## BACKGROUND

Unless otherwise noted, the following facts are taken from Bankruptcy Judge Martin Glenn's opinion and order dated August 27, 2014 (the "Opinion").

On October 18, 2007, ABEX opened an account with MFGI.  The customer agreement that the parties signed (the "Customer Agreement") specified a one-year limitations period for any claims arising out of the Customer Agreement: "No judicial, administrative, arbitration or reparations proceeding may be commenced . . . more than one (1) year after any claim arises, directly or indirectly, out of this Agreement or the transactions contemplated thereby."  The Customer Agreement also contained a choice-of-law provision stating that Illinois law would govern any such dispute.

On March 21, 2008, MFGI allegedly made an improper margin call on ABEX's account.[1] ABEX alleges that MFGI intentionally disregarded ABEX's sell-stop orders and, without ABEX's authorization, entered purchase orders for gold totaling $20 million that overleveraged the account.  According to ABEX, on at least three occasions between March 26 and April 1, 2008, ABEX notified MFGI of the errors and asked for corrections to its account.

On April 23, 2008, ABEX initiated Chapter 7 bankruptcy proceedings in the Central District of California.  ABEX listed a $5 million claim against MFGI as an asset in a bankruptcy schedule filed on May 7, 2008, but a report filed by the ABEX Chapter 7 Trustee on May 20, 2011, stated that the estate had no assets for distribution and the case had been fully administered, thus abandoning the Claims.  ABEX asserts that, on May 21, 2011, the ABEX

---

[1] The Opinion identifies March 21, 2008, as the date of the allegedly improper margin calls, but ABEX identifies March 18, 2008, as the date in its brief.  Whether the margin call took place on March 18 or March 21, 2008, does not affect the outcome here, however, and the March 21 date is used hereinafter.

2

Trustee abandoned the claim back to ABEX.  The Bankruptcy Court closed the ABEX case on

May 24, 2011.

On January 30, 2012, in MFGI's SIPA proceedings before the Bankruptcy Court, ABEX

filed the Claims at issue here against MFGI's estate: (1) a general creditor claim seeking $5

million; and (2) a customer claim seeking $3.7 million.  By stipulation, the parties converted the

customer claim to a general creditor claim.  As it did below, Appellee asserts here that the

Claims are duplicative, and Appellant does not appear to argue to the contrary on appeal.

On July 18, 2014, the MFGI Trustee filed the Objection, seeking to disallow and expunge

the Claims.  On August 8, 2014, Appellant filed its opposition to the Objection.  On August 21,

2014, the Bankruptcy Court heard oral argument and, on August 27, 2014, issued the Opinion,

sustaining the Objection and expunging the Claims.  The Bankruptcy Court held that (1) the

Claims' one-year limitations period continued to run during ABEX's bankruptcy proceedings

and (2) equitable tolling is inapplicable.  This appeal followed.

**STANDARD**

 When reviewing a bankruptcy court's decision, this Court "accepts its factual findings

unless clearly erroneous but reviews its conclusions of law de novo."  *In re Saint Vincents*

*Catholic Med. Ctrs. of N.Y.*, 449 B.R. 209, 213 (S.D.N.Y. 2011).  Thus, the review of the

Bankruptcy Court's opinion here is de novo.

**DISCUSSION**

The Bankruptcy Court correctly held that (1) the Claims' limitations period continued to

run during ABEX's bankruptcy and (2) equitable tolling is inapplicable to the Claims.  The

Bankruptcy Court's ruling is affirmed.

## I.      TIMELINESS OF THE CLAIMS

As the statute of limitations continued to run on ABEX's pre-bankruptcy claims against MFGI even after ABEX's bankruptcy filing, the Bankruptcy Court properly held that the Claims are time barred.

When a party declares bankruptcy, with few exceptions, "all 'legal and equitable interests of the debtor in property as of the commencement of the [bankruptcy] case" become property of the bankruptcy estate, represented by the bankruptcy trustee.  11 U.S.C. § 541.  Causes of action possessed by the debtor or arising from the debtor's property when the bankruptcy petition is filed become property of the bankruptcy estate.  *See In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010).  Under Chapter 7 of the Bankruptcy Code, a debtor does not have standing to pursue such causes of action unless the trustee abandons the claim.  *See Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998) (holding that Chapter 13 debtors -- unlike Chapter 7 debtors -- have standing to pursue causes of action that are part of bankruptcy estate); *see also First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 176 n.16 (2d Cir. 2004) (noting that, unlike Chapter 13, Chapter 7 "provides for the appointment of trustee who is charged with administering the bankruptcy estate and overseeing the liquidation of the debtor's assets").  Even when the trustee declines to prosecute a claim, no other party may assert that claim without first petitioning the bankruptcy court for an order authorizing abandonment of the property.  *See Seward v. Devine*, 888 F.2d 957, 963 (2d Cir. 1989) (remanding debtors' claims to district court to determine if trustee properly effected abandonment of claims, such that debtors had standing to pursue action).

As the allegedly improper margin call was placed on March 21, 2008 -- absent the application of any tolling principles -- the terms of the Customer Agreement required that ABEX

4

commence any judicial action arising from the margin call no later than March 21, 2009.
Nevertheless, Appellant filed the Claims on January 30, 2012 -- nearly three years after the end
of the limitations period.

Absent any statutory exception, the statute of limitations on a debtor's pre-bankruptcy
claim continues to run after the debtor's bankruptcy petition.  *See, e.g.*, *In re Dawnwood
Props./78*, 209 F.3d 114, 117 (2d Cir. 2000) (affirming dismissal of adversary proceeding
initiated by debtor as time barred and including duration of bankruptcy proceedings in statute of
limitations calculation); *In re GNK Enters., Inc.*, 197 B.R. 444, 446 (Bankr. S.D.N.Y. 1996)
(dismissing debtor's fraud, negligence and contract claims as time barred, reasoning that
neither § 108(a) nor any other provision of Bankruptcy Code extended limitations periods on
debtor's claim); *cf. In re O.E.M./Erie, Inc.*, 405 B.R. 779, 787 (Bankr. W.D. Pa. 2009) ("[I]f at
the time the bankruptcy petition is filed the statute of limitations on a cause of action has not yet
lapsed, 11 U.S.C. § 108(a) gives *the trustee* the ability to still bring suit on that cause of action
by tolling that statute of limitations for a period of two years after the order for relief is entered."
(emphasis added)).  Accordingly, ABEX's claims here are time barred.

ABEX argues that the limitations period should be tolled during the pendency of its
bankruptcy proceedings, which spanned a total of 1,122 days from April 23, 2008 through May
20, 2011.  Therefore, ABEX contends, only 292 days had run on the Claims' one-year
limitations period when it filed the Claims.  Citing the "rule of reversion," ABEX argues that
when its bankruptcy proceedings commenced on April 23, 2008, "ABEX no longer had title to
the [Claims] and thus the limitations period did not run until the claim was abandoned [by the
ABEX Trustee back to ABEX] on May 20, 2011."  This argument is incorrect.

As a threshold matter, the "rule" of reversion is a principle of equity that courts are not bound to apply.  *See Barletta v. Tedeschi*, 121 B.R. 669, 674 (N.D.N.Y. 1990) ("Th[e] rule of reversion is a legal fiction invented by the courts to aid them in achieving a just result." (citing *Rosenblum v. Dingfelder*, 111 F.2d 406, 409 (2d Cir. 1940)); *see also In re Hat*, 363 B.R. 123, 141 (Bankr. E.D. Cal. 2007) (noting that reversion "is not a categorical imperative, to be blindly followed to a result that is unjust" and that the "Supreme Court itself ha[s] not so followed" the rule (citation omitted)).  Appellant offers no authority -- and the Court can find none -- to support the proposition that the "rule of reversion" broadens the scope of § 108(a) to statutes of limitations as applied to debtors.  Section 108(a) by its terms specifies the time in which the trustee, not the debtor, may commence an action:  "If . . . an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the [bankruptcy] petition, the *trustee* may commence such action only before the later of - (1) the end of such period . . . or (2) two years after the order for relief."  11 U.S.C. § 108(a) (emphasis added); *see also In re Chenault*, No. BKR 09-91786, 2010 WL 797015, at *3 (Bankr. C.D. Ill. Mar. 4, 2010) ("The plain language of § 108 unequivocally limits the right to extend the statute of limitations to the *trustee*." (citation omitted)).  "[H]ad Congress intended to extend the statute of limitations for a bankruptcy debtor's claims generally, as opposed to in the limited circumstance where a bankruptcy trustee brings a claim during pendency of bankruptcy proceedings, it clearly knew how to do so."  *Roach v. Option One Mortg. Corp.*, 598 F. Supp. 2d 741, 756 n.24 (E.D. Va. 2009) (discussing explicit reference in § 108(a) to claims commenced by trustee and explicit reference in § 108(c) to claims brought against debtor).

Most important, however, ABEX's argument finds no support in case law.  The cases it does cite are inapposite.  *See Brown v. O'Keefe*, 300 U.S. 598, 602-03 (1937) (addressing

6

reversion of title of abandoned assets -- not statutes of limitations); *Rosenblum*, 111 F.2d at 409

(same) (citing *Brown*, 300 U.S. at 602); *Barletta*, 121 B.R. at 674 (holding that, where debtor

had timely filed claims, "[d]ismissing the plaintiff's claim for lack of standing here would create

the inequitable result of extinguishing the plaintiff's claim through the inaction of the trustee,

who did not intend to pursue the claim but did not abandon it, while at the same time preventing

the plaintiff from taking action until it was too late").

Accordingly, the Bankruptcy Court properly held that the Claims are time barred.

## II.   EQUITABLE TOLLING

As ABEX has not presented any grounds for equitable tolling, the Bankruptcy Court

properly declined to apply it.

It is well established that "[e]quitable tolling . . .  require[s] due diligence on the part of

the claimant."  *Williams v. Bd. of Review*, 241 Ill. 2d 352, 372 (2011); *accord Credit Suisse Sec.

(USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012) (stating that "under "long-settled

equitable-tolling principles. . . . a litigant [must establish] . . . *that he has been pursuing his

rights diligently . . . .*" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))); *In re Dec*, 272

B.R. 218, 224 (Bankr. N.D. Ill. 2001) ("Under [the equitable tolling] doctrine, a plaintiff may

avoid the bar of a statute of limitations if despite all due diligence on its part, it is unable to

obtain vital information bearing on the existence of its claim.").  Where a bankruptcy trustee has

failed to assert claims that the debtor wishes to be prosecuted, the debtor may, in the exercise of

due diligence, "petition the bankruptcy court to compel the trustee to either bring suit or abandon

the claim."  *Mitchell Excavators, Inc. v. Mitchell*, 734 F.2d 129, 132 (2d Cir. 1984) (citing

*Dallas Cabana, Inc. v. Hyatt Corp.*, 441 F.2d 865, 868 (5th Cir. 1971)).

7

ABEX does not dispute that it failed to file any such petition during its bankruptcy proceedings, and ABEX's pre-bankruptcy communications to MFGI that it intended to arbitrate the Claims do not on their own satisfy the diligence requirement. *Cf. Polis v. Getaways, Inc.*, No. 98 C 1808, 2001 WL 185481, at *2 (N.D. Ill. Feb. 26, 2001) (holding that debtor's claims were time barred where debtor did not petition bankruptcy court to compel trustee to file suit or abandon claim). In other words, ABEX "is bound by [its] own inaction and this court cannot now afford [ABEX] any relief." *Polis*, 2001 WL 185481, at *2; *accord Obriecht v. Foster*, 727 F.3d 744, 750 (7th Cir. 2013) (noting that equitable tolling requires petitioner to demonstrate that, in the "more than two years" between statutory deadline and actual filing of petition, "he was diligently pursuing his claims").

ABEX's remaining arguments also fail. First, ABEX argues that, although it could have petitioned the ABEX Trustee to abandon the Claims, "such a request 'is not a guarantee of abandonment.'" This argument is unavailing as ABEX does not identify a single action that it took during the pendency of its bankruptcy proceedings to preserve its claims against MFGI. The fact that ABEX chose not to take action because it doubted its chances of success does not excuse its failure to exercise diligence. *Cf. In re Estate of Mondfrans*, 9 N.E.3d 1, 6 (Ill. App. 2014) (in probate proceeding, holding that petition to renounce wife's will filed by husband's representative was untimely, where husband's representatives "had time to preserve [husband's] right to renounce [wife's] will while he was alive" but did not do so).

Second, ABEX's argument that it was prevented from asserting its legal rights during the limitations period by virtue of its "legal disability" -- or lack of standing to pursue the Claims during bankruptcy -- is rejected. Although ABEX itself may have been unable to pursue the Claims, the ABEX Trustee had standing to pursue the Claims on ABEX's behalf throughout

8

ABEX's bankruptcy proceedings, and ABEX could have petitioned the Trustee to do so.  *See, e.g.*, *In re Mediators, Inc.*, 105 F.3d 822, 827 (2d Cir. 1997) (holding that bankruptcy trustee may pursue breach of fiduciary duty claim on behalf of debtor).  Thus, ABEX was "not in the same situation as an incapacitated individual without a legal representative."  *In re Marshall*, 307 B.R. 517, 523 (Bankr. E.D. Va. 2003).

The Bankruptcy Court therefore properly declined to apply equitable tolling to ABEX's claims.

## CONCLUSION

For the reasons stated, the decision of the Bankruptcy Court is **AFFIRMED**.  The Clerk of Court is directed to amend the caption as reflected in this Opinion and to close the case.

SO ORDERED.

Dated: August 13, 2015
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE